State vs. Jenkins et al.

| 36 | 865 |
|----|-----|
| 44 | 975 |
| 36 | 865 |
| 48 | 1015 |

## No. 136.

### THE STATE OF LOUISIANA VS. BEN JENKINS ET AL.

Where, on appellant's own motion and suggestion, an appeal is made returnable at a time and place different from those required by the provisions of a mandatory law, and where the order of the judge granting the appeal shows that he merely adopted the suggestion of appellant by granting the appeal "as prayed for," the error is imputable to the fault of appellant, and, under the settled jurisprudence of the State, the appeal must be dismissed.

The constitutional right of appeal is a right of appeal in conformity with law.

Rules of practice, when once settled by authoritative decisions, must, in public and private interest, be adhered to.

APPEAL from the Tenth District Court, Parish of De Soto. Logan, J.

55

State vs. Jenkins et al.

*J. C. Pugh*, District Attorney, *W. H. Wise* and *J. H. Shepherd*, for the State, Appellee. ·

*W. H. Jack, John L. Seales, C. M. Pegues, T. F. Bell* and *C. B. Stewart* for Defendant and Appellant.

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

FENNER, J.   The ground of this motion is, that the appeal taken on February 28, 1884, was made returnable to this point, instead of to New Orleans where this Court was then in session and remained in session until may 31, following.

The return day fixed was in gross violation of the provisions of Act 30 of 1878, which requires appeals in criminal cases to be "made returnable within ten days after granting the order of appeal, whenever the Supreme Court may be in session on the return day."

This error is unquestionably fatal to the appeal, unless saved by the provisions of Act 53 of 1839, now section 36 of the Revised Statutes, which provides, in substance, that such error shall not occasion the dismissal of the appeal unless imputable to the fault of appellant.

The question in this case is whether or not the error here was imputable to appellant's fault.

What are the facts ?

The record shows that on February 28, a written motion of appeal was filed, signed by the numerous counsel for appellant, in which they, in the language of the document, "moved the court for an appeal returnable to the Supreme Court of Louisiana, at Shreveport, La., on the second Monday of October, 1884."

On the same date the order of appeal was entered on the minutes in the following words: "Motion for an appeal filed and returnable to the Supreme Court at Shreveport second Monday of October next and according to law, and *it is ordered that appeal be granted as prayed for in the motion.*"

Observe: appellant filed a motion asking an appeal returnable at Shreveport; the court simply granted the appeal "as prayed for in the motion."

Now, whatever contrariety of opinion may have existed previously, it has been settled since the case of Wooton vs. LeBlanc, 32 Ann. 692, that when the appellant expressly asked that the appeal be made returnable at a wrong time and place, and the order of the judge merely fixed the return day as prayed for, the error is imputable to appellant's fault and the appeal should be dismissed.

State vs. Jenkins et al.

In a very recent case, we repeated the doctrine very emphatically, saying: "it is elementary in our practice, that when an improper return day is suggested by appellant, the error is attributable to his own fault and his appeal cannot be maintained." State *ex rel.* Lee vs. Jumel, 35 Ann. 980.

In Delwood's case we admitted an exception to the general rule. There, although the appellant suggested the erroneous return day, in his motion, yet the order of appeal recited that "*by reason of the law* and of the motion herein filed, the appeal is granted returnable, etc." We held that inasmuch as the order showed by its terms that the judge acted "by reason of the law" and not merely in pursuance of appellant's suggestion, the order was an exercise of judicial discretion, error in which could not prejudice appellant. But we distinctly differenced the case from that of Wooton vs. LeBlanc, whose authority was not impugned. State vs. Delwood, 33 Ann. 1229.

This decision does not protect the present case where the peculiar feature on which it rested is entirely wanting.

Indeed, it is not with very good grace that appellant invokes the shelter of Delwood's case, because in that very decision we pointed out the gross illegality of the return day fixed, and it must have been known that the order asked for by him was equally illegal.

He asked for an order so patently illegal that even ignorance or doubt of its illegality could not be pretended. The judge granted it. There is nothing to show that the judge exercised any independent discretion or did anything more than grant the appellant's own prayer by allowing the appeal "as prayed for."

With all our desire to protect the right of appeal, especially in criminal cases, we cannot avoid the conclusion that the error here is attributable to the clear fault of appellant, and that it is fatal to his appeal.

The constitutional right of appeal is a right to an appeal in conformity to law.

Rules of practice, when once settled by authoritative decisions, must be adhered to. They cannot be varied, without involving in uncertainty questions about which public and private interests require that there should be no uncertainty. In no class of cases, does the rule of *stare decisis* apply more forcibly.

It is, therefore, ordered, adjudged and decreed that appeal herein taken be dismissed.